# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| PHILIPS PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-10 |
| | ) | |
| MEDALLION INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively to Transfer Case Under 28 U.S.C. § 1404(a), filed by Defendant, Medallion Industries, Inc., on March 24, 2010 (DE #6). For the reasons set forth below, this motion is **GRANTED IN PART** and **DENIED IN PART**. To the extent the motion requests this Court dismiss this case, the motion is **GRANTED**. To the extent the motion requests this Court to transfer this case, however, this motion is **DENIED AS MOOT**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

Plaintiff, Philips Products, Inc. ("Philips"), sued Defendant, Medallion Industries, Inc. ("Medallion"), in this Court for breach of contract, alleging that Medallion failed to pay Philips for

materials Medallion purchased from Philips. Medallion filed the instant motion to dismiss for lack of personal jurisdiction, or alternatively, to transfer the case to the district of Oregon, on March 24, 2010. Medallion argues that the Court lacks personal jurisdiction because Medallion is headquartered in Oregon, the sales at the root of the complaint were completed in Oregon, and when problems arose with the contract, they were dealt with in Oregon. Alternatively, Medallion argues that even if the Court does find that personal jurisdiction exists, it should transfer the case to Oregon in the interests of justice, for the convenience of the witnesses and the parties.

In an order dated April 27, 2010, this Court took the instant motion under advisement and ordered Philips to file a response on or before May 11, 2010. To date, Philips has not filed a response. Thus, the instant motion is unopposed.

DISCUSSION

When a district court rules on a defendant's motion to dismiss based upon written materials (without an evidentiary hearing, like in this case), the plaintiff must "make out a prima facie case of personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In making this evaluation, the plaintiff "is entitled to the resolution in its

favor of all disputes concerning relevant facts presented in the record." *Purdue Research Foundation*, 338 F.3d at 782 (quotation omitted). However, in this case, Plaintiff has decided not to oppose Medallion's motion. Thus, the Court considers the facts alleged in the affidavit submitted by Medallion (President of Medallion, Timothy J. Mahaffy's affidavit), are true.

Medallion is an Oregon corporation - its headquarters are located there, and it does business primarily in Oregon. (Affidavit of Timothy J. Mahaffy, "Mahaffy Aff.," ¶¶ 4,5.) It sells windows, doors, and other building materials, but has never sold any products in Indiana. (Mahaffy Aff., ¶¶ 7, 8.) Philips was one of Medallion's vendors - Medallion purchased windows from Philips, which Medallion would then sell as part of its business. (Mahaffy Aff., ¶ 11.) Although Philips is an Indiana corporation with its principal place of business in Elkhart, Indiana (Compl. ¶ 1), it also had a facility in Stayton, Oregon. (Mahaffy Aff., ¶ 12.) Medallion dealt exclusively with Philips' facility in Stayton, Oregon, when it purchased materials from Philips. (Mahaffy Aff., ¶ 13.) To the extent those sales were negotiated, they were negotiated in Oregon, between the two companies' employees in Oregon. (Mahaffy Aff., ¶ 14.) Medallion expected that if it had any problems with Philips' material, it would work with Philips' Oregon facility to resolve them. (Mahaffy Aff., ¶ 15.) From time to time, Medallion did have problems with something

it purchased from Philips, and Medallion would contact someone at Philips' Oregon facility, and work with Oregon-based employees to resolve the problem. (Mahaffy Aff., ¶¶ 16, 17.)

All of the sales at issue in Philips' complaint were completed between Philips' Oregon facility and Medallion's headquarters in Oregon. (Mahaffy Aff., ¶ 18.) Medallion's employees dealt exclusively with Philips' employees working in Oregon. (Mahaffy Aff., ¶ 19.) Although Medallion may have called Philips' Indiana offices about pricing, Medallion never dealt with anyone from Philips' Indiana offices specifically about the sales covered in Philips' complaint. (Mahaffy Aff., ¶ 20.) In its answer to Philips' complaint, Medallion asserted both lack of personal jurisdiction and inconvenient forum as affirmative defenses. (Answer, p. 3, ¶¶ 1, 2.)

"A federal court sitting in diversity has personal jurisdiction only where the court of the state in which it sits would have jurisdiction." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008) (citation omitted). As mentioned earlier, it is the plaintiff's burden to make a prima facie showing of the existence of personal jurisdiction. *Id.* Depending on the type of contact with the forum state, it is possible for the Court to exercise either general or specific personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

General jurisdiction exists if there is "continuous and systematic" business contacts with Indiana so that the defendant would reasonably anticipate being under the jurisdiction of Indiana. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984). In this case, Medallion had no business contacts whatsoever with Indiana. Medallion is not incorporated in Indiana, it has no offices in Indiana, and Medallion never sold any building materials in Indiana. Moreover, no part of the alleged breach of contract claim occurred in the state of Indiana - all of Medallion's dealings with Philips occurred exclusively in Oregon. Thus, general jurisdiction is lacking.

If there is not the type of continuous contacts to create general jurisdiction over a defendant, specific jurisdiction may be found "where a suit arises out of or is related to the defendant's contacts with the forum." *Citadel Group*, 536 F.3d at 760 n.3. Specific jurisdiction exists if a defendant has "purposefully established minimum contacts within the forum State," and by traditional standards, those contacts make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-77 (1985). The Court must find that because the defendant has "purposefully avail[ed] itself of the privilege of conducting activities" in the state, the defendant "should reasonably anticipate being haled into court" there. *Burger King*, 471 U.S. at 474-75 (quotations omitted); *see also*

*World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 297 (1980). Courts consider factors like prior negotiations, contemplated future consequences, the terms of the contract, and the parties' actual course of dealing to determine whether "litigating in the forum state [is] foreseeable to the defendant." *RAR*, 107 F.3d at 1277 (citation omitted).

In Indiana, "personal jurisdiction depends on whether the requirements of the state long-arm statute are met and whether federal due process requirements are satisfied." *Nerds On Call, Inc. (Indiana) vs. Nerds On Call, Inc. (California)*, 598 F.Supp.2d 913, 915 (S.D. Ind. 2008) (citations omitted). Indiana's long-arm statute, Trial Rule 4.4(A), provides in pertinent part that an Indiana court "may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Thus, because the long-arm statute is "co-extensive with the limits of federal due process, the court applies federal due process standards." *Nerds On Call*, 598 F.Supp.2d at 915. In other words, specific jurisdiction may be found where a defendant purposefully conducts activity in Indiana, thus invoking the benefits and protections of Indiana's laws, and subjecting him to the Court's jurisdiction. *JPMorgan Chase Bank, N.A. v. Desert Palace, Inc.*, 882 N.E.2d 743, 747-52 (Ind. Ct. App. 2008).

The Court must now consider whether Medallion has availed itself to the jurisdiction of this Court. The answer is clearly

no. Medallion contracted with Philips to buy materials in Oregon (not from Philips' Indiana facilities). To the extent the sales were negotiated, they were negotiated between the two companies in Oregon. Medallion expected that if it had any problems with Philips' materials, it would work with Philips' Oregon facility to resolve them, and that is indeed what occurred during their relationship when problems actually arose. Medallion did not avail itself to jurisdiction of this Court, and had no reason to foresee that Philips would sue it in Indiana instead of Oregon. Specific jurisdiction is also lacking over Medallion. As such, this Court finds insufficient contacts to assert personal jurisdiction over Medallion, and dismisses the case for lack of personal jurisdiction.

CONCLUSION

For the aforementioned reasons, the Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively to Transfer Case Under 18 U.S.C. § 1404(a) is **GRANTED IN PART** and **DENIED IN PART**. To the extent the motion requests this Court dismiss this case, the motion is **GRANTED**. To the extent the motion requests this Court to transfer this case, however, this motion is **DENIED AS MOOT**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

DATED: May 25, 2010               /s/ RUDY LOZANO, Judge
                                  United States District Court